WILLIAM LEACH & others *vs.* DAVID HILL & others.

Where two or more joint creditors, who commit their debtor in execution, have the same place of abode, it is a sufficient service of a citation, giving them notice of his intention to take the poor debtors' oath, if the officer leaves one attested copy of such citation at that place. And where an officer makes return on a citation issued to two or more joint execution creditors, that he has served the same by leaving an attested copy thereof at their last and usual place of abode, it must be taken as true, that they had the same place of abode.

Where a citation to a creditor, giving him notice that his debtor intends to take the poor debtors' oath, is accurate in all particulars, except that it states the costs of suit to be twenty-five cents (the charge for the writ of execution) more than they are recited to be in the execution, the magistrates are authorized to discharge the debtor, on his taking such oath.

DEBT on a bond for the liberty of the prison limits. The parties submitted the case to the court on the following facts :

The principal obligor, D. Hill, was committed to the jail in Lowell, on an execution which issued on a judgment recovered against him by the plaintiffs for the sum of $427·44 damage, and $22·28 costs. The costs of commitment were $9·63. The bond was in the penal sum of $919·20, being double the amount of the three sums abovementioned, and of 25 cents for the writ of execution ; and it was conditioned as required by the Rev. Sts. *c.* 97, § 63.

A citation was issued to the plaintiffs, (three in number,) giving them notice that said Hill was desirous of taking the benefit of the law for the relief of poor debtors, and that a certain day was appointed for his examination and for administering to him the poor debtors' oath. This citation rightly described the execution, except that it stated the costs to be $22·53, instead of $22·28. The return of the officer, who served the citation, was thus : " Suffolk ss. Boston, June 12th, 1839. I this day served the above citation on the abovenamed creditors, by leaving a true and attested *copy* of the above at their last and usual *place* of abode."

On the day appointed therefor in said citation, the poor debtors' oath was administered to said Hill by two justices of the peace and of the quorum, who made and signed a certificate, in

regular form, that he had caused the creditors, at whose suit he was confined, to be notified according to law, &c. The creditors (the plaintiffs) were not present before said justices, either personally or by attorney.

*J. G. Abbott,* for the plaintiffs.

*Corliss,* for the defendants.

WILDE, J. The general question on which the decision of this case depends is, whether Hill, the principal obligor in the bond sued, did, after giving said bond, go without the prison limits without being first lawfully discharged.

The first objection made to the validity of the discharge is, that there was no legal and sufficient notice given to the plaintiffs of the said Hill's intention to take the benefit of the poor debtors' oath. The return of the officer sets forth that he had served the citation to appear, &c. on the plaintiffs, " by leaving a true and attested copy of the above at their last and usual place of abode." It is objected, that a copy ought to have been left at the last and usual place of abode of each of the plaintiffs, or that the citation ought to have been read to each, as the statute directs ; and the case of *Putnam* v. *Longley,* 11 Pick. 487, is relied on in support of the objection. But there is a material distinction between the returns of the officers in that case and in this. In that case, the service was made on one of the plaintiffs named in the return of the officer, and there was no other service. In the present case, the officer returns that he had served the citation on all the plaintiffs, and this must be taken to be true ; and the only question is, whether one copy, left at the last and usual place of abode of all the plaintiffs, would be a good service. And there can be no doubt that it would be. If they had the same place of abode, there could be no reason to require the officer to leave three copies. Whether the plaintiffs had, at the time of the service, the same place of abode or not, is a question that cannot now be inquired into. The return must be taken to be true, unless it contains some repugnancy. If the fact certified may be true, it is to be so taken and considered ; and parol evidence to prove its falsity is inadmissible, except in a suit against the officer for a false return.

Another objection made to the sufficiency of the notice is, that the citation does not correctly describe the judgment on which execution issued. In the citation, it is described as being for $427·44 damages, and $22·53 costs of suit; and in the bond it is described, rightly as it is said, for the same sum damage, and $22·28 costs of suit. This is a slight inaccuracy, but there is no substantial variance. The only difference is, that the citation includes 25 cents for the execution, which the bond does not. The plaintiffs could not have been misled by such a slight verbal inaccuracy. If the citation had described the judgment as it was described in the bond, and had added " with 25 cents more for the execution," there would have been no material variance, for the identity could not be doubted. And such, substantially, is the description of the judgment contained in the citation.

*Judgment for the defendants*